UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KELLY J. KYLE,
                                          **DECISION AND ORDER**
              Petitioner,                 **No. 09-CV-00790T**

      -vs-

DANIEL SENKOWSKI,
SUPERINTENDENT

              Respondent.

_____

## I.    Introduction

     Petitioner Kelly J. Kyle ("Petitioner"), through counsel, has
filed a timely petition for a writ of habeas corpus under 28 U.S.C.
§ 2254 challenging the constitutionality of his custody pursuant to
a judgment entered March 13, 2007, in New York State, County Court,
Niagara County (Sara S. Sperrazza, J.), convicting him, after a
jury trial, of Course of Sexual Conduct Against a Child in the
First Degree (N.Y. Penal Law ("Penal Law") § 130.75 [1][a]).
Petitioner was sentenced to a determinate term of fifteen years
imprisonment with a five year period of post-release supervision.

     For the reasons stated below, habeas relief is denied and the
petition is dismissed.

## II.    Factual Background and Procedural History

     On June 12, 2006, Petitioner was indicted by a Niagara County
Grand Jury and charged with Course of Sexual Conduct Against a
Child in the First Degree (Penal Law § 130.75 [1][a]).  Arraignment

Mins. of 07/06/06.   Prior to trial, Petitioner retained attorney James J. Faso to represent him.   Due to a conflict, new counsel (attorney Scott A. Stepien) was substituted and the matter proceeded to trial.   See Mins. of 11/03/06, 11/09/06, 11/22/06.

A jury trial was held in Niagara County Court before the Hon. Sara S. Sperazza on January 16-23, 2007.   At the close of the trial, Petitioner was found guilty as charged and subsequently sentenced to a determinate term of fifteen years imprisonment with a five year period of post-release supervision.   Sentencing Mins. [S.M.] 2, 14.

On November 14, 2008, the Appellate Division, Fourth Department ("Fourth Department") unanimously affirmed the judgement of conviction, and leave to appeal was denied.   People v. Kyle, 56 A.D.3d 1203 (4th Dep't 2008);   lv. denied, 12 N.Y.3d 785 (2009).

This habeas corpus petition followed, wherein Petitioner seeks relief on the ground that the trial court improperly granted the prosecution's motion to disqualify his first trial attorney (Faso) on the basis of a conflict of interest.   See Pet. ¶ 12, Ground One (Dkt. No. 1).   This claim is exhausted and properly before the Court.[1]

---

[1]

The parties do not dispute that this claim is exhausted.   See Pet. ¶¶ 8, 9;   Resp't Answer at ¶ 6.   The Court notes, however, that, despite being instructed to do so (see Dkt. Nos. 2, 11), Respondent failed to provide this Court with the appellate briefs, the record on appeal, and Petitioner's leave application to the New York Court of Appeals.   The appellate briefs and the leave application were obtained by the Court;   Respondent provided transcripts of the proceeding only.   On direct appeal, Petitioner raised this claim in his pro se supplemental brief.   See Pet'r Supp. Br. on Appeal, Point III.

### III. General Principles Applicable to Habeas Review

#### A.   The AEDPA Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2).   A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the

-4-

state-court proceeding." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003).

### B.   Exhaustion Requirement

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); <u>see, e.g.</u>, <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 843-44 (1999); <u>accord, e.g.</u>, <u>Bossett v. Walker</u>, 41 F.3d 825, 828 (2d Cir.1994), <u>cert. denied</u>, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." <u>Daye v. Attorney General</u>, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), <u>cert. denied</u>, 464 U.S. 1048 (1984).

## IV.  Petitioner's Claim

Petitioner contends, as he did on direct appeal, that the trial court improperly granted the prosecution's motion to disqualify his first trial attorney (Faso) on the basis of a conflict of interest, thereby depriving him of his Sixth Amendment right to counsel of his choosing. <u>See</u> Pet. ¶ 12, Ground One; <u>see also</u> Pet'r Br. on Appeal, Point III. The Fourth Department rejected this claim on the merits, finding that "County Court properly granted the People's motion to disqualify defendant's retained counsel prior to trial based upon counsel's representation

of the victim's father, a potential prosecution witness." <u>Kyle</u>, 56 A.D.3d at 1203 (internal citation omitted).

The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. However, the Supreme Court has recognized that the defendant's right to counsel of his choice is not absolute. <u>Wheat v. United States</u>, 486 U.S. 153, 159 (1998). If an actual or potentially serious conflict of interest exists, the court has "substantial latitude" to disqualify the choice of counsel, even if the accused has attempted to waive any conflicts. <u>United States v. Zichettello</u>, 208 F.3d 72, 104 (2d Cir. 2000) (citing <u>Wheat</u>, 486 U.S. at 163). A conflict of interest exists when, *inter alia*, "the attorney's representation of the defendant is impaired by loyalty owed to a prior client." <u>United States v. Jones</u>, 381 F.3d 114, 119 (2d Cir. 2004).

In this case, prior to trial, the prosecutor alerted the trial court to a potential conflict of interest, which arose because the victim's father, whom the prosecution intended to call as a witness at Petitioner's trial, had been previously represented by Petitioner's attorney (Faso) on a criminal charge. <u>See</u> Mins. of 11/03/06 5-7; Mins. of 11/09/06 3-4. Subsequently, the trial court conducted a conference, on the record, for purposes of

exploring the issue.[2]   See Mins. of 11/09/06.  At this conference, attorney Faso explained to the court that:

> [the victim's father] was charged with harassing a woman he was involved with, not his wife.  He went through the domestic violence program and I did have several lengthy discussions with him concerning those charges.  I also had a discussion with him concerning related matter to those charges which is what I'm concerned about with this trial because it's information that I'd like to get into.  I don't think I could get into. I think it would make him look horrible in front of a jury.  It's a real difficult situation, Judge.  I think he's the one with the privilege.  He's the one that has to waive the privilege in order for me to get into it.

Mins. of 11/09/06 at 4.  Based upon the information presented by both parties at the pre-trial conference, the trial court judge determined that a conflict existed and that attorney Faso needed to be removed from the case.  Mins. of 11/09/06 8.  Accordingly, the Court's decision to disqualify attorney Faso was not improper and Petitioner's claim that the trial court's grant of said motion deprived him of his Sixth Amendment right to counsel of his choosing is meritless.

Accordingly, habeas relief is unwarranted and Petitioner's claim is dismissed in its entirety.

---

[2]

    At the beginning of this conference, the prosecutor also moved to have Petitioner's retained counsel disqualified.  Mins. of 11/09/06 2.

**V.    Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is denied, and the petition is dismissed.  Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    July 19, 2011
          Rochester, New York

-8-